IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY LITTLE, | : |
| | : CIVIL ACTION |
| v. | : |
| | : 22-1043 |
| DANIELLE OUTLAW, *et al.*, | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                **JULY 19, 2022**

Plaintiff Mark Anthony Little commenced this action by filing a *pro se* Complaint ("Compl."). (ECF No. 1.) He subsequently filed a Motion for Leave to Proceed *In Forma Pauperis* and a Motion for Appointment of Counsel. (ECF Nos. 4, 5.) Since commencing this civil action, Little has filed four Amended Complaints. (ECF Nos. 6, 7, 8, and 9.) The Court deems the Fourth Amended Complaint ("FAC") (ECF No. 9) to be the operative pleading in this case.[1] For the following reasons, the Court will grant Little's application for leave to proceed *in forma pauperis*, deny his motion for appointment of counsel, dismiss his federal claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss his state law claims for lack of subject matter jurisdiction.

---

[1] *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

I.      **FACTUAL ALLEGATIONS**[2]

Little names the following Defendants in the FAC: (1) Danielle Outlaw (who is identified only in the caption of the FAC); (2) Janice Dorsey; (3) Dorsey's daughter; (4) Dorsey's husband; and (5) Eric Bentley.  (FAC at 2.)  Little alleges that the events giving rise to his claims occurred at 2700 West Oxford Avenue in Philadelphia, which is the address provided for the Defendants.  (*Id.* at 3, 2.)  Little claims that on June 23, 2022, he was kidnapped and sexually assaulted by Janice Dorsey's husband and others who were invited to terrorize him.  He also alleges that Janice Dorsey injected him with two unknown psychiatric medications during the alleged attack.  (*Id.* at 3.)  Little alleges that he was burned with a taser, and that he photographed the burns.  (*Id.*)  Little claims to have overheard Dorsey's daughter telling a neighbor that her family was targeting Little because he was a Christian.  (*Id.*)

Little alleges that he sought help at the Probation Office at 714 Market Street concerning the alleged conduct of Janice Dorsey's husband and others.  (*Id.* at 4.)  He was told by a duty officer that he would need to provide the names of their probation officers.  (*Id.*)  Little alleges that when he called the State Parole Office and the Federal Probation Office seeking this information, he was told to contact the police.  (*Id.*)  Little alleges that on June 27th, he sought help from the police.  (*Id.*)  He was able to file a report and was offered a referral to a crisis prevention specialist, but alleges that he was not allowed to tell the officer he spoke to his "dilemma in its entirety," and that the police officer laughed at him.  (*Id.*)  Attached to the Complaint are several photographs and a completed form from the Philadelphia Police

---

[2] The allegations set forth in this Memorandum are taken from Little's FAC.  (ECF No. 9.)  The Court adopts the pagination assigned to the FAC by the CM/ECF docketing system.

Department, 22nd District, with a handwritten note that it memorializes the June 27 police report Little filed concerning the alleged rape of June 23.  (*Id.* at 8-13.)

Little alleges that he has suffered emotional pain as a result of Defendants' alleged conduct.  (*Id.* at 5.)  Additionally, he claims that he is socially ostracized because of the widespread distribution of rape videos on social media.  He fears becoming a homosexual, going insane, and contracting Covid-19 or other diseases as a result of Defendants' conduct.  (*Id.*)

Based on the foregoing, Little asserts the following claims pursuant to 42 U.S.C. §1983 – violations of his First, Eighth, Thirteenth and Fourteenth Amendment rights, violations of the Pennsylvania Constitution,[3] and violations of various federal criminal statutes.[4]  As relief, he requests a court-ordered referral to the Philadelphia Housing Authority and placement in a low-income senior housing apartment, a court-ordered referral to the FBI requiring an investigation, and a Court order requiring the local authorities to investigate Defendants' conduct.  (*Id.*)

---

[3] The Pennsylvania Constitution does not provide a basis for a civil cause of action.  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").  Little does not appear to be pursuing any other claims under state law and, if he were, he has not stated a basis for this Court's jurisdiction over any such claims.

[4] Little asserts claims under various provisions of the federal criminal code.  However, criminal statutes generally do not give rise to civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x. 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.")  None of the statutes cited by Little creates a private cause of action.  *See United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *Walthour v. Herron*, No. 10-1495, 2010 WL 1877704, at *2 (E,D, Pa., May 6, 2010) (recognizing no private right of action under 18 U.S.C. §§ 241, 242, 245, 247, 371 or 1951); *Calhoun v. Mann*, No. 08-0458, 2009 WL 839214, at *2 (E.D. Pa., Mar. 26, 2009) (recognizing no private cause of action under 18 U.S.C. § 2331); Scott v. FBI, No. 21-1057, 2021 WL 3578318, at *1 (M.D. Pa., July 15, 2021) (no private cause of action under 18 U.S.C. § 2340).

## II.   STANDARD OF REVIEW

Because Little appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Little is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

### A.   Section 1983 Claims

Little claims that the Defendants' conduct violated his First, Eighth, Thirteenth and Fourteenth Amendment rights, and that he has been unable to obtain assistance from the authorities from whom he sought protection and investigation into the alleged conduct.  The Court liberally construes the claims as due process and equal protection violations under the Fourteenth Amendment.

4

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 1. Claims Against the Dorseys and Eric Bentley

Little's constitutional claims against Janice Dorsey, her husband and daughter, and Eric Bentley are not plausible because none of these Defendants is alleged to be a state actor or acting under color of state law. Rather, these Defendants appear to be private citizens. Because there is no other plausible basis for a claim arising under federal law, Little's federal claims against these Defendants must be dismissed.

### 2. Claims Against Danielle Outlaw

Little identifies Outlaw as a Defendant in the caption of his Complaint. There are no factual allegations describing her personal involvement in any of the events described in the Complaint.[5] The Court liberally construes Little's Complaint as attempting to state a supervisory

---

[5] Absent allegations of her personal involvement, Little's claims against Outlaw are not plausible. *See Rode*, 845 F.2d at 1207; *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

liability claim against Outlaw because of her position as Philadelphia Commissioner of Police and based on the alleged failure of the Philadelphia Police Department to investigate Little's claims. Such a claim is not plausible because the purported constitutional violation—the failure of the police departments to investigate Little's claims and thereby protect him from further harm—fails. "As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). Additionally, private citizens do not have a constitutionally protected right to investigation of criminal charges. *See Sanders v. Downs*, No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar.9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer Cty.,* 260 F. App'x 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (holding that plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff). Accordingly, Little's claims against Outlaw based on the failure of the Philadelphia Police to investigate his claims is not plausible and must be dismissed.

    **B.    State Law Claims**

The Court liberally construes Little's Complaint as attempting to assert assault and potentially other state law claims against the non-state actor Defendants. To the extent Little seeks to assert state law claims, the Court, having dismissed his federal claims, will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants

a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Little does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some of the Defendants may be Pennsylvania citizens. Thus, on the face of the Complaint, Little has failed to meet his burden to show diversity of citizenship and cannot establish the Court's jurisdiction over any state law claims he intends to pursue.

Moreover, Little has not adequately alleged that his claims satisfy the amount in controversy element of diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor*

*Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Little does not specify any amount he seeks to recover—he requests a court-ordered referral to the Philadelphia Housing Authority and placement in a low-income senior housing apartment, a court-ordered referral to the FBI requiring an investigation, and a Court order requiring the local authorities to investigate the Defendants' conduct. Even the most liberal interpretation of Little's Complaint cannot lead to the plausible conclusion that he is entitled to recover $75,000 in damages. For this reason, too, he has not alleged plausible facts supporting the exercise of diversity jurisdiction. Accordingly, Little's state law claims will be dismissed for lack of subject matter jurisdiction. He will not be permitted to amend his claims because to do so would be futile. Rather, he may pursue his claims in an appropriate state forum.

## IV. CONCLUSION

For the reasons stated, the Court will grant Little's application for leave to proceed *in forma pauperis*, deny his motion for appointment of counsel,[6] dismiss his federal claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss his state law claims for lack of subject matter jurisdiction. Little will not be granted leave to amend to address the deficiencies outlined herein because to do so would be futile.[7] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

---

[6] *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (stating that in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

[7] Recognizing that *pro se* litigants cannot accumulate claims by filing serial amended complaints, the Court has, nonetheless, reviewed all of Little's pleadings and can discern no plausible basis for a § 1983 claim based on the failure of the police to investigate Little's claims.

             **BY THE COURT:**

            **/s/** *R. Barclay Surrick*_____
           **R. BARCLAY SURRICK, J.**